IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE STEVENS,                          )
                                          )
            Plaintiff                     )        Case No. 18-cv-00224
                                          )
vs.                                       )
                                          )        RICHARD A. LANZILLO
SECURITY LT. DICKEY, ET. AL.,             )        UNITED STATES MAGISTRATE JUDGE
                                          )
            Defendants                    )
                                          )

ORDER ON MOTION TO AMEND

Presently before the Court are Plaintiff Maurice Steven's Motion to Amend Original
Complaint (ECF No. 16) and Motion to Amend Complaint (ECF No. 19).  Both motions are
hereby **DENIED** because Plaintiff filed to attach a proposed amended complaint thereto.

The Third Circuit Court of Appeals has a "longstanding amendment rule" that "to request
leave to amend a complaint, the plaintiff must submit a draft amended complaint to the court so
that it can determine whether amendment would be futile." *Fletcher-Harlee Corp., v. Pote
Concrete Contractors, Inc.*, 482 F.3d 247 (3d Cir. 2007).  The "failure to submit a draft amended
complaint is fatal to a request for leave to amend." *Id.* (citing *Ranke v. Sanofi–Synthelabo, Inc.*,
436 F.3d 197, 206 (3d Cir. 2006); *Ramsgate Court Townhome Ass'n v. West Chester Borough*,
313 F.3d 157, 161 (3d Cir. 2002); *Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000); *Kelly v. Del.
River Joint Comm'n*, 187 F.2d 93, 95 (3d Cir. 1951)).  "[A] district court need not worry about
amendment when the plaintiff does not properly request it." *Fletcher-Harlee*, 482 F.3d at 252.
That is, "properly requesting leave to amend a complaint requires submitting a draft amended
complaint." *Id.*  By previous order of this Court, Plaintiff was to respond to the Defendants'
Motion to Dismiss by December 28, 2018.  The Court will extend that deadline.  Plaintiff may

file a brief in opposition to the Defendants' Motion to Dismiss (ECF No. 12) or a proper motion for leave to file an amended complaint on or before **Friday, January 25, 2019**.

The Court reminds Plaintiff that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D.Pa.1992). Additionally, the amended complaint must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 370–73, 96 S. Ct. 598, 46 L.Ed.2d 561 (1976). It should specify which actions are alleged as to which Defendants. The amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(e)(1).

It is so ordered.


/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE


Dated this 9th day of January, 2019.