IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE STEVENS, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:18-224 |
| | ) | |
| v. | ) | |
| | ) | |
| DOUGLAS DICKEY, et al., | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| Defendant | ) | |
| | ) | OPINION ON DEFENDANTS' |
| | ) | MOTION TO DISMISS |
| | ) | [ECF NO. 25] |

MEMORANDUM OPINION

Plaintiff Maurice Stevens ("Plaintiff"), an inmate at the State Correctional Institution at Forest ("SCI-Forest"), commenced this civil rights action pursuant to 42 U.S.C. § 1983 on August 22, 2018, by filing a Complaint alleging that six employees of the Pennsylvania Department of Corrections ("DOC") violated his constitutional rights.[1] Plaintiff filed an Amended Complaint on February 2, 2019. ECF No. 24. Presently pending before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 25] pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendants' motion will be granted.[2]

---

[1] As defendants, Plaintiff named Security Lt. Douglass Dickey, Security Captain Charles Carter, Superintendent Michael Overmyer, Grievance Coordinator Lisa Reeher, Chief Grievance Coordinator Kei Moore, and DOC Secretary John E. Wetzel.

[2] All parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. *See* ECF Nos. 4, 18.

1

I.  Factual Background

Plaintiff's Amended Complaint alleges that on May 21, 2018, security personnel at SCI-Forest seized and searched his personal property while he was confined in the prison's Restricted Housing Unit (RHU) and that three days later, during an inventory of his property, Plaintiff discovered that "legal documents" and certain family photographs and items he had purchased from the prison commissary were missing. ECF No. 43, pp. 3-4. Plaintiff alleges that Defendant Douglas Dickey, a correctional officer, "took, lost, destroyed" his personal property and legal documents. *Id.* He also alleges generally that Defendant Charles Carter, a security captain, somehow participated in the loss or destruction of the missing items. *Id.* at 3. After Plaintiff told the correctional officers working in inventory about the missing items, they advised him that all of the items "sent from the security dept" were present. *Id.* at 4. Plaintiff further alleges that because he was without the aid of his legal documents, he was forced to file a defective petition in the Pennsylvania Supreme Court. *Id.* at 5.

Plaintiff then utilized the prison grievance procedure to grieve the missing items. *Id.* at 6. He alleges that grievance officers Lisa Leeher and Keri Moore and SCI-Forest Superintendent Michael Overmeyer colluded and "gave him the runaround" when they failed to "acknowledge" Defendant Carter and Dickey's "destruction of his personal property." *Id.* at 3-4. Plaintiff also named DOC Secretary John Wetzel as a defendant, but his Amended Complaint includes no allegations against him.

Defendants moved to dismiss Plaintiff's Amended Complaint on February 12, 2019. ECF No. 25. Plaintiff responded twice to the motion on March 18 and 20, 2019. ECF Nos. 28, 30. This matter is fully briefed and ripe for disposition.

2

II. Standards of Review

    A. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. U.S. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

    B. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed

3

pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

III. Analysis

While Plaintiff's Amended Complaint cites the First, Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Eighteenth Amendments to the Constitution, as well as "Assumpsit," "Art. 1, section 26 Discrimination," "Collusion," and "Illegal Search and Seizure," the Court can only discern two legal theories or claims based upon the few facts alleged therein.[3] It appears that Plaintiff alleges (1) a claim pursuant to the First and Fourteenth Amendments for loss of access to courts, and (2) a due process claim pursuant to the Fourteenth Amendment for the loss and/or destruction of his property.

a. Access to Courts

Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). Where a prisoner asserts that defendants' actions have inhibited his opportunity to present a past legal claim, he must allege facts sufficient show that: (1) he "suffered an 'actual injury' in that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim"; and (2) he has "no other 'remedy that may be awarded as recompense' for the lost claim other than in

---

[3] Except for the First and Fourteenth Amendments, the Court notes that the Amended Complaint lacks any factual allegations that could plausibly implicate the remaining Constitutional Amendments or provisions cited by Plaintiff. None provides a cause of action to Plaintiff based on the events described in his Amended Complaint. For example, Plaintiff cites the Eighth Amendment. However, there is no Eighth Amendment cause of action for the loss of an inmate's personal property. *See Nigro v. Wilson*, 122 F.3d 1073 (9th Cir. 1997). The same conclusion applies with greater force of logic to the other Amendments cited by Plaintiff, which are the Fifth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fifteenth, Seventeenth, and Eighteenth Amendments. Accordingly, because they are facially irrelevant to this case, the Court will not discuss these provisions further.

5

the present denial of access suit." *Id.* at 205-06 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The complaint must "describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* (quoting *Christopher*, 536 U.S. at 416-17). The plaintiff must also demonstrate that the denial of access actually caused the alleged injury to occur. *Tinsley v. Gloria*, 369 Fed. Appx. 378, 381 (3d Cir. 2010) (citing *Lewis*, 518 U.S. at 352-54).

The first element of an access-to-courts claim is "actual injury," which may "include a court dismissal of a complaint [or] an inability to even file a complaint." *Booth v. King*, 346 F.Supp.2d 751, 758 (W.D. Pa. 2004) (citing Lewis, 518 U.S. at 351). Other examples include "missed court dates, missed filing deadlines, a denial of legal assistance to which he was entitled, or the loss of a case which he should have won." *See Fortes v. Harding*, 19 F.Supp.2d 323, 327 (M.D.Pa. 1998). The *sine qua non* of a "viable claim of interference with access to the courts is a showing by the inmate of direct injury to [his] access to the courts." *Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (internal citations and quotations omitted, emphasis added).

Turning now to the Amended Complaint, the Court finds that the Plaintiff has failed to allege facts upon which a plausible inference of an actual injury may be based. The sole allegation regarding Plaintiff's access-to-courts is that Defendant Dickey "took, lost, destroyed" certain unspecified "legal documents," and that as a result, Plaintiff was forced to file a defective petition in the Pennsylvania Supreme Court based on his "actual innocence." Even under the liberal standard applicable to pro se pleadings, the Amended Complaint is lacking in facts to support an inference that any Defendant's actions resulted in his loss of a non-frivolous or arguable legal claim. Although Plaintiff refers to his "actual innocence," he provides no information concerning the nature of the proceeding he was pursuing or sought to pursue before

the Pennsylvania Supreme Court or how the alleged loss of his papers resulted in what otherwise would have been a meritorious petition. He merely states that he "was made to file a defective petition to the Pennsylvania Supreme Court," but provides no factual information concerning the petition or its resolution. *See Angle v. Smeal*, 2014 WL 4414917, at *5 (W.D. Pa. Sept. 5, 2014) (dismissing access to courts claim where "Plaintiff merely [made] the bald assertion that he 'lost his criminal case as a result to this theft of his property'"). Additionally, assuming that the Pennsylvania Supreme Court rejected his "defective" filing which contained a non-frivolous or arguable claim, Plaintiff has failed to plead that there was no further remedy available to him, such as a petition for reconsideration or rehearing. Because Plaintiff has failed to allege facts sufficient to support either element of his access-to courts-claim, dismissal of this claim is warranted.

    b. 14th Amendment Due Process Violation

The Court interprets Plaintiff's allegation that his property was "t[aken], lost, destroyed" as an attempt to state a claim for deprivation of his personal property without due process pursuant to the 14th Amendment.

Courts have long recognized that the Due Process Clause was promulgated to protect individuals from the arbitrary exercise of the powers of government, and guarantees the availability of certain procedural mechanisms, such as the right to notice and a hearing, before the government can deprive an individual of property. *See e.g., Pettaway v. SCI Albion*, 2012 WL 366782, at *3 (W.D. Pa. Feb. 2, 2012). However, the law is clear that, in the context of prison officials confiscating inmate property,

> post-deprivation remedies provide sufficient due process
> for negligent deprivations of property, *Parratt v. Taylor*,
> 451 U.S. 527, 530, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981),
> and intentional deprivations of property, *Hudson v. Palmer*,

7

> 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), […] The Court of Appeals has held that the DOC's grievance procedure provides an adequate post-deprivation remedy, see e.g. *Tillman v. Lebanon County Corr. Fac.*, 121 F.3d 410, 422 (3d Cir. 2000), and that the existence of this post-deprivation remedy forecloses any due process claim, *Austin v. Lehman*, 893 F.Supp. 448, 454 (E.D.Pa.1995) even if an inmate is dissatisfied with the result of the process. *Iseley v. Horn*, 1996 WL 510090, at * 6 (E.D. Pa. Sept.3, 1996).

*Pettaway*, 2012 WL 366782 at *3.

Turning to the present case, as in *Pettaway*, Plaintiff admits that he utilized the DOC's grievance process to attempt to obtain the return of the property he claims was improperly taken from his cell and never returned to him. Thus, he was provided access to an adequate post-deprivation remedy that has been held to satisfy his procedural due process rights, despite the fact that he is dissatisfied with the outcome. Accordingly, Plaintiff's due process claim is without merit, and dismissal of this claim is warranted.[4] *See Angle v. Smeal*, 2014 WL 4414917, at *4 (W.D. Pa. Sept. 5, 2014).

---

[4] Although Plaintiff has not argued that the Defendants violated his substantive due process rights, the Court notes that any such claim would fail as none of the alleged actions of the Defendants shock the conscience of the Court as that element of the claim has been defined by case law. See *Hughes v. Kostingo*, 2006 WL 367890, at *4 (W.D. Pa. Feb. 15, 2006) (dismissing prisoner's claim of a substantive due process violation because no set of facts relating to the prisoner's missing property would shock the conscious of the court); *United Artists Theatre Circuit, Inc. v. Township of Warrington, Pa.*, 316 F.3d 392, 399-400 (3d Cir. 2003) ("our cases have repeatedly acknowledged that executive action violates substantive due process only when it shocks the conscience."); see also *Moore v. Gluckstern*, 548 F.Supp. 165, 167 (D. Md. 1982)("At worst, plaintiff alleges that the items were stolen by the guards. While such action by prison guards, if proven, would clearly be wrongful, there is nothing about the alleged incidents that could conceivably 'shock the conscience' of the court. Therefore, the complaint cannot be read as alleging a violation of substantive due process rights.")

8

c. Claims against Grievance Officials

Plaintiff complains that Chief Grievance Officer Keri Moore, Grievance Coordinator Lisa Reeher, and Superintendent Overmeyer "colluded" to give him the "runaround" in response to his filing of grievances relating to his missing property.

It is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin v. Swartz*, 951 F.Supp.2d 776, 782 (W.D. Pa. 2013); *see also Mincy v. Chmielsewski*, 508 F. App'x 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). Accordingly, courts have routinely dismissed civil rights allegations against prison officials whose only knowledge of the alleged violation stemmed from their participation in the grievance process. *See, e.g., Beale v. Wetzel*, 2015 WL 2449622, at *5 (W.D. Pa. May 21, 2015) (dismissing claims against senior prison officials because the only allegations against them arose in the context of their participation in an administrative appeal process); *Mearin*, 951 F.Supp. 2d at 782 (same); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

To the extent Plaintiff's claims against Defendants Reeher, Moore and Overmeyer are based upon their role in the grievance process, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.[5] Therefore, dismissal of all claims against these Defendants is warranted.

---

[5] The Court notes that there are no other allegations directed against these Defendants.

d. Claims against Defendant Wetzel

Plaintiff names John E. Wetzel, the Secretary of the DOC, as a defendant but fails to assert any allegations against him. Given the absence of allegations that Wetzel engaged in conduct that resulted in a deprivation of Plaintiff's constitutional right, the Court must dismiss this action as to him. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

IV.    Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, Plaintiff has already filed an amended complaint in the face of Defendants' motion to dismiss his original Complaint. As discussed above, Plaintiff's Amended Complaint fails to state a claim. The legal defects in Plaintiff's due process claim and claims against Defendants Overmyer, Reeher, Moore and Wetzel cannot be cured by amendment and, therefore, further amendment as to these claims is futile and they are dismissed with prejudice. The Court cannot say with certainty or as a matter of law that Plaintiff's access-to-courts claim cannot be cured by additional factual allegations. Therefore, the Court will allow Plaintiff one final opportunity to amend in an effort to state a valid access to courts claim.

V.   Conclusion

For all of the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 25) is GRANTED. Plaintiff's access-to-courts claim against Defendants Douglas Dickey and Charles Carter is dismissed without prejudice and with leave to amend within twenty days of the date of this Opinion and Order. In all other respects and as to all other Defendants, Plaintiff's Amended Complaint is dismissed, with prejudice.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: September 30, 2019