IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MAURICE STEVENS, )
)
      Plaintiff )      Case No. 1:18-cv-00224
)
    v. )
)
DOUGLASS DICKEY, et al., )      RICHARD A. LANZILLO
)      UNITED STATES MAGISTRATE JUDGE
      Defendants )
)      MEMORANDUM OPINION AND
)      ORDER ON DEFENDANTS' MOTION
)      TO DISMISS
)      [ECF NO. 42]

Plaintiff Maurice Stevens, an inmate incarcerated at the State Correctional Institution at Forest (SCI-Forest), commenced this civil rights action against employees of the Pennsylvania Department of Corrections (DOC) pursuant to 42 U.S.C. § 1983.  In his Second Amended Complaint, which is the operative pleading before the Court, Stevens asserts a First Amendment right of access-to-courts claim and a state law negligence claim based upon the loss or destruction of his personal property, including his legal documents.  ECF No. 36.  Presently before the Court is Defendants' Motion to Dismiss Stevens' Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 42.  For the reasons set forth below, the Court will grant the Defendants' motion.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.  See ECF Nos. 4, 18, 47.

I.      Procedural History

Because the Court has already addressed many of the issues raised in the Defendants' motion in a prior Memorandum Opinion, a detailed examination of the procedural history of this case is instructive.  Stevens filed his original complaint against six defendants on August 22, 2018.[2] ECF No. 3.  In response to the Defendants' initial Motion to Dismiss [ECF No. 12], filed on November 27, 2018, Stevens sought leave to amend his complaint.  ECF No. 23.  The Court granted Stevens' motion and docketed his first Amended Complaint on February 1, 2019.  ECF No. 24.  The Defendants renewed their Motion to Dismiss on February 12, 2019 [ECF No. 25], and Stevens responded with a brief in opposition on March 18, 2019.[3]  ECF Nos. 28, 30 (same).

This Court issued a Memorandum Opinion granting the Defendants' Motion to Dismiss Stevens' Amended Complaint on September 30, 2019.  ECF No. 32.  The Court dismissed all of Stevens' claims with prejudice except his access-to-courts claim against Defendants Carter and Dickey, which the court permitted Stevens a further opportunity to amend.  *Id.*, p. 10.  The Court explained that it "cannot say with certainty or as a matter of law that Plaintiff's access-to-courts claim cannot be cured by additional factual allegations.  Therefore, the Court will allow Plaintiff one final opportunity to amend in an effort to state a valid access-to-courts claim."  *Id.* p. 10.

Although the Court had previously authorized Stevens' filing of a further amended complaint, on October 28, 2019, he filed a "Motion for Leave to File an Amended Complaint." ECF No. 34.  On October 29, 2019, the Court granted the Stevens' motion to the extent it

---

[2] These defendants were Security Lt. Douglass Dickey, Chief Grievance Coordinator Keri Moore, Superintendent Michael Overmyer, Grievance Coordinator Lisa Reeher, Security Captain Charles Carter, and DOC Secretary John E. Wetzel.

[3] Plaintiff requested that the court dismiss his claims against Wetzel, Moore, Overmyer, and Reeher so that he could pursue a tort claim for the loss of his property against them in state court.  He argued that he should be able to proceed with his First Amendment access-to-courts claim against Dickey and Carter in this court.

requested leave to file "an Amended Complaint which states an access-to-courts claim against Defendants Douglass Dickey and Charles Carter". ECF No. 35 (text-only order). Stevens' Second Amended Complaint, which the Clerk of the Court docketed on October 31, 2019, realleged his access-to-courts claim against Defendants Dickey and Carter, but also added five new defendants: "Perry, Jane/John Doe I, Beatty, Wilcox, and Jane/John Doe II". ECF No. 36, p. 5. Additionally, Stevens raised a new common law and "statutory" negligence claim against all Defendants for the loss of his property. *Id.*

II.    Factual Allegations

The Court accepts as true the following factual allegations contained in Stevens' Second Amended Complaint for purposes of Defendants' motion to dismiss. *See US Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). On May 19, 2018, while Stevens was housed in the Restricted Housing Unit (RHU), prison security personnel, Defendants Jane/John Doe I and Jane/John Doe II, searched his cell and seized his personal property. ECF No. 36, p. 3. Thereafter, Defendant Charles Carter – a security captain, and Defendant Douglass Dickey – a correctional officer, "seized and maintained possession of the abovementioned property." *Id.* A couple days later, correctional officers Beatty and Wilcox escorted Stevens to the RHU property room where they conducted an inventory of the previously seized property. *Id.*, pp. 3–4. Stevens told them that certain items were missing: clothing, food, hygiene products, personal items (including pictures of family and friends), and legal documents ("discovery, trial transcript, sentencing transcript, briefs, motions, and caselaw" pertaining to his criminal case). *Id.*, p. 4. Beatty and Wilcox told him, "We received your property from the Security Department just like this[.] … [W]e have what you see." *Id.*

Stevens alleges that without the missing legal documents, he was forced to file a defective petition for leave to file a petition for allowance of appeal *nunc pro tunc* ("Petition") with the Pennsylvania Supreme Court in June 2018, and that had the Supreme Court granted the Petition, he would have been able to challenge his conviction for murder in the third degree. *Id.*, p. 5; ECF No. 43-1.[4] The Pennsylvania Supreme Court docket records that the Superior Court of Pennsylvania had affirmed Stevens' conviction on May 18, 2019. ECF No. 43-1. Stevens' Petition requested leave to present two legal issues for further review by the Pennsylvania Supreme Court: that his trial counsel was ineffective for failing to object to the competency of a witness and that his trial counsel failed to remedy the prosecution's allegedly knowing use of false testimony. ECF No. 36, pp. 2–3, 5. The Pennsylvania Supreme Court denied Stevens' Petition on October 22, 2018. ECF No. 43-1.

III.    Standards of Review

A.  Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege

---

[4] Pursuant to Fed. R. Evid. 201, the Court has taken judicial notice of certain facts concerning Stevens' criminal and appellate proceedings that are "not subject to reasonable dispute because [they] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *In re Congoleum Corp.*, 426 F.3d 675, 679 (3d Cir. 2005) ("We take judicial notice of the state court proceedings insofar as they are relevant."); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. Nov. 8, 2011) *aff'd sub nom. Mollett v. Leith*, 511 Fed. Appx. 172 (3d Cir. 2013) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial."). The Court may do so on its own, "at any stage of the proceeding." Fed. R. Evid. 201(d).

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *US Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, it must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.,* 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555. *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212,221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).  This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

    B.  *Pro Se* Pleadings

    *Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); *Smith v. US. District Court*, 956 F.2d 295 (D.C. Cir. 1992); *Freeman v. Dep't of Corrections*, 949 F.2d 360 (10th Cir. 1991).

IV.    Analysis

    A.  The Second Amended Complaint Fails to Allege Facts Sufficient to State an Access-to-Courts Claim.

    Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).  Where a prisoner asserts that a defendant's actions have inhibited his opportunity to present a past legal claim, he must allege facts to show that: (1) he "suffered an 'actual injury' in that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim"; and (2) he has "no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Id.* at 205-06 (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)).  The complaint must "describe the underlying arguable claim well enough to show that it is 'more than mere hope,'

and it must describe the 'lost remedy.'" *Id.* (quoting *Christopher*, 536 U.S. at 416–17). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417–18, (2002). A plaintiff must also demonstrate that the denial of access caused the alleged injury to occur. *Tinsley v. Gloria*, 369 Fed. Appx. 378, 381 (3d Cir. 2010) (citing *Lewis*, 518 U.S. at 352–54).

The first element of an access-to-courts claim is "actual injury," which may "include a court dismissal of a complaint [or] an inability to even file a complaint." *Booth v. King*, 346 F.Supp.2d 751, 758 (W.D. Pa. 2004) (citing *Lewis*, 518 U.S. at 351). Other examples include "missed court dates, missed filing deadlines, a denial of legal assistance to which he was entitled, or the loss of a case which he should have won." *See Fortes v. Harding*, 19 F.Supp.2d 323, 327 (M.D. Pa. 1998). The *sine qua non* of a "viable claim of interference with access to the courts is a showing by the inmate of direct injury to [his] access to the courts." *Reynolds v. Wagner*, 128 F.3d 166, 183 (3d Cir. 1997) (internal citations and quotations omitted).

Here, Stevens has failed to allege facts upon which a plausible inference of an actual injury may be based. In granting Defendants' prior motion to dismiss, the Court noted that "the sole allegation regarding Plaintiff's access-to-courts claim is that Defendant Dickey 'took, lost, destroyed' certain unspecified 'legal documents,' and that as a result, Plaintiff was forced to file a defective petition in the Pennsylvania Supreme Court based on his 'actual innocence.'" ECF No. 32, p. 6. Stevens had failed, however, to provide any information concerning the nature of the proceedings or their resolution, or how the alleged loss of his papers resulted in what otherwise would have been a meritorious petition. *Id.*, p. 6–7. This resulted in the claim's dismissal.

In his Second Amended Complaint, Stevens has attempted to remedy this deficiency by supplying additional details.  In addition to providing greater clarity as to how his property went missing, Stevens defines the missing legal documents—a definition absent from his second complaint—to include the following: "discovery, trial transcript, sentencing transcript, briefs, motions, and caselaw" pertaining to his criminal case.  *Id.*, p. 4.   He also adds that his "defective petition" presented two legal issues: that his trial counsel was ineffective for failing to object to the competency of a witness and that his trial counsel failed to remedy the prosecution's allegedly knowing use of false testimony.  *Id.*, pp. 2–3, 5.  He has not, however, supplied any details concerning the potential merits of these underlying claims or explained how the loss of his legal paperwork prevented him from effectively asserting them.

Read with the appropriate liberality owed to *pro se* pleadings, *see, e.g., Haines*, 404 U.S. at 520–521; *Gibbs*, 116 F.3d 83 (3d Cir. 1997), the facts alleged here remain insufficient to state a claim. Most critically, Stevens still has not explained how the loss of his papers resulted in what otherwise would have been a meritorious petition.  Several of his averments are legal conclusions that are not entitled to the presumption of truthfulness.  For example, he states that he was made to file a petition that "contained several different grossly inadequate, improper, and underdeveloped issue(s)/question(s) for judicial review relative to the abovementioned two (2) legal claim(s), as a direct result of him having not had the abovementioned legal items within his possession during said P.A.A. filing period."  ECF No. 36, p. 5.  The Second Amended Complaint alleges no facts whatsoever to support these conclusory allegations and does not explain how the missing documents would have allowed him to file a meritorious Petition.

In *Singleton v. Robinson*, the Court of Appeals for the Third Circuit held that it was within the trial court's discretion to dismiss an access-to-courts claim when the plaintiff did not "plead

nonconclusory allegations or produce any evidence that could show that the government falsified any evidence, which was the basis for his motion for reconsideration." 679 Fed. Appx. 110, 113 (3d Cir. 2017) (appeal from a motion for reconsideration). Here, Stevens alleges, without factual support, that he presented to the Pennsylvania Supreme Court arguments that his trial counsel was ineffective for failing to object to the prosecution's use of false testimony during his criminal case. As in *Singleton*, however, his pleading lacked factual allegations to support this legal conclusion. Stevens need not cite trial transcripts or other evidence to state a claim. In the context of this case, however, he must at least identify the witness, state the basis for the objection to his or her competency, and allege facts to support a plausible inference that his counsel's failure to object presented a meritorious argument on appeal. Absent such allegations, the Second Amended Complaint supports no "more than a mere hope" that the Pennsylvania Supreme Court would have accepted his request for permission to appeal and reversed his conviction. *Monroe*, 536 F.3d at 205–206.

Stevens' conclusory allegation that the missing documents frustrated his ability to challenge the state trial court's failure to remedy the prosecution's use of false testimony fairs no better. Stevens does not identify the testimony at issue or allege factual support for the proposition that the prosecution offered the testimony with knowledge of its falsity. The Second Amended Complaint also offers no facts concerning how the trial court erred in failing to correct the prosecution's use of the testimony. The implausibility of Stevens' claim is further highlighted by the fact that, before submitting his Petition to the Pennsylvania Supreme Court, Stevens already had the opportunity to raise the same issues before the Pennsylvania Superior Court, which the docket reflects affirmed Stevens' conviction. ECF No. 43-1. Without a factual basis to infer that Stevens had an "arguably actionable claim," Stevens has failed to state a valid access-to-courts claim. *Id. See also Angle v. Smeal*, 2014 WL 4414917, at *5 (W.D. Pa. Sept. 5, 2014) (dismissing access-to-courts claim where "Plaintiff

merely [made] the bald assertion that he 'lost his criminal case as a result to this theft of his property'").

Stevens has also failed to plead the second requirement of an access-to-courts claim: that there was no further remedy available to him, *see Lewis*, 516 U.S. at 205–06, such as a petition for reconsideration or a rehearing. Indeed, Defendants correctly point out that when the Pennsylvania Supreme Court dismissed his appeal on October 22, 2018, Stevens failed to file an application for reconsideration within fourteen days of the denial as authorized by the Pennsylvania Rules of Appellate Procedure. *See* ECF No. 43, p. 5 (citing Pa. R.A.P. 1123(b)). This failure is confirmed by the docket of the Pennsylvania Supreme Court. ECF No. 43-1.[5] Stevens failure to pursue other remedies to address errors during his criminal trial, specifically his failure to petition the Pennsylvania Supreme Court for reconsideration, demonstrates that he cannot satisfy the second element of an access-to-courts claim.

Thus, even assuming that Carter, Dickey, Perry, Beatty, Wilcox, Jane/John Doe I, and Jane/John Doe II are responsible for the loss of the his legal papers, Stevens has failed to plead an actual injury or the unavailability of a further remedy, both of which are essential elements of his claim. The Court will, therefore, dismiss his access-to-courts claim against all defendants.

B. The Second Amended Complaint Also Fails to Allege the Personal Involvement of Defendant Perry.

In addition to the overall failure of the Second Amended Complaint to state a viable access-to-courts claim, the Court notes that it also fails to allege the personal involvement of Defendant Perry, a Unit Manager at SCI-Forest. As a legal conclusion, Stevens alleges that Perry was involved in the loss of his personal property. However, he states no facts that tie Perry to the loss of his

---

[5] Although the Defendants argue this goes to the "actual injury" prong of the claim, it lies better within the "no-further-remedy" prong.

property. He fails to allege "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and the Court does not accept his legal conclusions as facts, *see McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009). Accordingly, the Court finds an additional basis for the dismissal of the claim against Perry.[6]

       C.  Stevens' Negligence Claims Are Dismissed for Lack of Subject Matter Jurisdiction.

Having dismissed Stevens' only remaining federal claim, the Court declines to exercise supplemental jurisdiction over his state law claims. Stevens' Second Amended Complaint added two new claims, styled as Pennsylvania state statutory negligence and common law negligence. Both claims appear to be based on the same loss of property discussed above.[7] A district court may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Court of Appeals for the Third Circuit has instructed, however, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original). Finding that no such considerations weigh in favor of this Court exercising supplemental jurisdiction, the

---

[6] The Court also notes that Stevens improperly added five new defendants in his Second Amended Complaint: Perry, Beatty, Wilcox, Jane/John Doe I, and Jane/John Doe II. Addressing the previous motion to dismiss, the Court's directive was clear: "[T]he Court will allow Plaintiff one final opportunity to amend in an effort to state a valid access to courts claim." ECF No. 32, p. 10. When the Plaintiff filed a further motion to amend, the Court clarified on October 29, 2019: he may file "an Amended Complaint which states an access-to-courts claim against Defendants Douglass Dickey and Charles Carter." ECF No. 35 (text-only order) (emphasis added). Because the Court has found that the Second Amended Complaint fails to state an access-to-courts claim against any of the defendants, no further attention to this procedural issue is necessary.

[7]  Under the facts of this case, the closest constitutional analog to the negligence claims is a violation of the Due Process Clause of the 14th Amendment. The Court already dismissed this 14th Amendment claim by prior Opinion and Order. ECF No. 32, pp. 7–8.

Court will decline to exercise supplemental jurisdiction over the remaining state-law claims. *See Bright v. Westmoreland Cnty.*, 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction"). Therefore, Stevens' negligence claims are dismissed, without prejudice.

### D.  Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, the court "'need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) (quoting *Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008)). Indeed, "it ... would be inequitable to require Defendant[s], who already once [have] exhaustively and successfully defended Plaintiff's grievances, to respond to a continuous stream of formal and informal attempted amendments." *Houser v. Donahoe*, 2013 WL 6838699, at *6 (W.D. Pa. Dec. 27, 2013), *aff'd sub nom. Houser v. Postmaster General*, 573 Fed. Appx. 141, 142 (3d Cir. 2014).

In the instant case, Stevens has already taken advantage of multiple opportunities to amend his pleading. ECF Nos. 24, 36. His repeated failures to allege enough facts to state a constitutional violation and the docket of his state court criminal proceedings demonstrate that further amendment is futile. See *Blackstone v. Richter*, 2013 WL 4766761, at *7 (W.D. Pa. Sept. 4, 2013) ("Because Plaintiff was previously informed that his original complaint was deficient, and he filed an

Amended Complaint, the Court is not required to provide him with further leave to amend.") (citing *Shelley v. Patrick*, 481 Fed. Appx. 34, 36 (3d Cir. 2012)).  Accordingly, Stevens' claim pursuant to 42 U.S.C. §1983 will be dismissed with prejudice.

V. Conclusion

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss Stevens' Second Amended Complaint [ECF No. 42].  Stevens' access-to-courts claim will be dismissed with prejudice, and his state law negligence claims will be dismissed without prejudice.  An appropriate order follows.

ORDER

Upon review, and for the reasons stated in the accompanying Memorandum Opinion, the Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 42] is hereby GRANTED.  Plaintiff's access-to-courts claim is dismissed, with prejudice.  Plaintiff's state law negligence claims are dismissed without prejudice.  The Clerk of Court is ordered to close this case.

Entered and Ordered this 23rd day of September, 2020.

RICHARD A. LANZILLO
United States Magistrate Judge